No. 24,430.

D. C. LONGNECKER, *Appellee*, v. THE STERLING OIL & REFINING
COMPANY, *Appellant*.

#### SYLLABUS BY THE COURT.

NEGLIGENCE—*Crude Oil from Pipe Line in Highway—Automobile Burned—
No Contributory Negligence as Matter of Law.* Special findings of the
jury considered, in an action for damages for the value of an automobile
burned on account of negligent escape of crude oil from defendant's pipe
line into a highway on which plaintiff was driving, and held to be too
meager to compel a declaration that plaintiff was guilty of negligence as a
matter of law.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK,
judge. Opinion filed April 7, 1923. Affirmed.

*L. P. Brooks,* of Wichita, for the appellant.
*A. L. Noble,* and *Willard M. Glasco,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for the value of an
automobile burned on account of negligent escape of crude oil from
defendant's pipe line into a highway on which plaintiff was driving.
Plaintiff recovered, and defendant appeals.

The jury returned a general verdict in favor of plaintiff, and the
following special findings:

"1. Q. If you find the defendant was negligent, state the facts on which
you based your findings. A. By allowing oil to remain in the road.

"2. Q. If you find there was oil in the defendant's pipe line at the time
and place where the alleged injury occurred, state the facts on which you
based your finding. A. The evidence.

"3. Q. If you find the oil leaked from the defendant's pipe line and found
its way to the road where the alleged injury occurred, state the facts on
which you base your finding. A. The evidence.

"4. Q. Was it a matter of common knowledge that there was a mudhole
after rains at the place where the alleged injury occurred? A. Yes.

"5. Q. Is it a matter of common knowledge that an automobile in low
gear with engine running at a rapid rate, moved backward and forward in a
mudhole covered with crude oil up to the hub of the automobile, is likely to
set fire to the oil and burn up the automobile? A. Yes.

"6. Q. When did the plaintiff discover there was oil in the mudhole into
which he drove? A. When he drove in.

"7. Q. How could the plaintiff have avoided the injury complained of?
A. By being pulled out.

"8. Q. Did the plaintiff have his automobile in low gear, with the engine running at a rapid rate, moving backward and forward in a mudhole covered with crude oil up to the hub of the automobile, at the time the injury occurred?  A. Yes."

After filing and withdrawing a motion for a new trial, defendant moved for judgment on the special findings. The motion was denied, and the error assigned is that the motion should have been sustained on the ground plaintiff was himself guilty of negligence.

Finding No. 4 states it was a matter of common knowledge that after rains there would be a mudhole at the place where the fire occurred. The common knowledge referred to was necessarily knowledge of those familiar with that road. It could not be the kind of information which this court and other courts take into account without proof, or which presumably every intelligent person possesses. There is nothing in the findings to indicate the plaintiff was one who should have anticipated the condition he encountered. The findings disclose a mudhole into which plaintiff drove, which was hub deep. The superficial extent of this mudhole is not disclosed, and for all this court knows, it may have been just sufficient to hold the rear wheels of the automobile. When the plaintiff drove into the mudhole, he discovered there was oil there. The quantity is not disclosed, except that it covered the mud. The covering may have been a film which would not warn even a very careful person of danger of fire. The oil had escaped from a pipe line, but the findings do not indicate that at the time plaintiff drove into the mudhole he had any reason to suspect presence of a pipe line in the vicinity. The oil was crude oil, but the findings do not show plaintiff recognized it, or should have known it was oil from which the highly inflammable elements had not been extracted. The reasonable inference of a traveler may have been that the oil spread over the mud was residual oil frequently hauled about on the roads in tank wagons. So far as the findings show, when plaintiff's automobile mired, he moved it backward and then forward, in a single attempt to extricate himself. It does not appear that the fire was set when he moved backward, or when he stopped moving backward, or when he reversed preparatory to going forward. There may have been just as much danger from back fire from shutting off the engine, as from making the attempt to go forward. Accessibility to facilities for being pulled out is not disclosed.

With great respect for the Sedgwick county jury, it must be said it is not a matter of common knowledge that fire would likely occur under the conditions stated in finding No. 5. Common knowledge of the kind which binds persons to anticipation of events is knowledge common to people in general. The knowledge referred to is knowledge of a class only, the members of which have acquired it by experience, instruction, or other means. Assuming, however, plaintiff was a member of the class, the finding is unimportant, because it does not appear plaintiff knew, or ought to have known, the oil on the mud was crude oil.

Nothing may be assumed or implied to aid special findings set up in opposition to a general verdict, and the facts specifically found are altogether too meager to compel a declaration that plaintiff was guilty of negligence as a matter of law in making an effort to extricate his automobile by its own power.

The judgment of the district court is affirmed.